UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 1 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| : Orlando-Christopher: Anderson©, ) | |
| ) | |
| Authorized Representative, ) | |
| ) | |
| 103 G Street, South West #B-410 ) | |
| ) | |
| Washington, District of Columbia [20024] ) | |
| ) | |
| 202-863-2120 ) | |
| ) | CIVIL ACTION NO. _____ |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| WALTER C. WIGGINS, ) | |
| ) | CASE NUMBER   1:05CV01852 |
| JENNIFER MOORE, ) | |
| ) | JUDGE: Richard J. Leon |
| DISTRICT GOVERNMENT EMPLOYEES ) | |
| FEDERAL CREDIT UNION ) | DECK TYPE: Pro se General Civil |
| ) | |
| 2000 14th Street, North West 2nd Floor ) | DATE STAMP: 09/19/2005 |
| ) | |
| Washington, District of Columbia 20009 ) | |
| ) | |
| LINDA G. RAINES, ) | |
| ) | |
| SECURITY RECOVERY, INC. ) | |
| ) | |
| 1101 Hengemihle Avenue, ) | |
| ) | |
| Baltimore, Maryland 21221 ) | |
| ) | |
| LAWRENCE H. MIREL, ) | |
| ) | |
| 810 First Street, NE, Suite 701 ) | |
| ) | |
| Washington, District of Columbia 20002 ) | |
| ) | |
| DEFENDANTS ) | |

Writ of Replevin               Page 1 of 8

# Writ of Replevin

To the Clerk of the United States District Court

for the District of Columbia September 19, 2005

333 Constitution Avenue, North West, Washington, District of Columbia 20001


**Application for WRIT OF REPLEVIN against a

WALTER C. WIGGINS, JENNIFER MOORE, DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, LAWRENCE H. MIREL, LINDA G. RAINES and SECURITY RECOVERY, INC. on 2000 14th Street, North West, 2nd Floor, Washington, District of Columbia 20009 and 1101 Hengemihle Avenue in Baltimore, Essex County Maryland 21221 to return my private conveyor/ goods and chattels that belongs to me, the Authorized Representative.

***** I have the UCC 1 Financing Statement perfecting the security interest in said goods/private conveyor and WALTER C. WIGGINS, JENNIFER MOORE, DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, LAWRENCE H. MIREL, LINDA G. RAINES and SECURITY RECOVERY, INC. are holding said goods/private conveyor under arrest illegally without a court-order and refuses to release said goods/private conveyor back to me, the Real party in interest.

***** The defendants obtained possession of my private conveyor/ goods and chattels by what I call - criminal elements - in SECURITY RECOVERY, INC. and various tow truckers (JOHN DOES) participated. My description of this event of July 18, 2005 is outlined in my Verified Affidavit in the Truth.

***** My goods/private conveyor is a **Black Sand Pearl 2003 Toyota Corolla-S 4-door sedan** with a 1.8 Liter, 4 Cylinder, Twin-cam, 16 Valve, VVT-I, SFI Engine; Front-Wheel Drive, 4-Speed Automatic ECT Trans, Power Rack and Pinion Steering, Power Front Disc Brakes, MacPherson Strut Suspension, Semi-Independent Rear Suspension, Front & Rear Stabilizer Bars, 195/65R15 Radial Tires; Colored Keyed Door Handles, Body Side Moldings, Rocker Panels & Power Outside Mirrors, Foglamps / Full Wheel Covers, FR/RR Underbody Spoilers, Multi-Reflect Smoke Headlamps, Daytime Running Lights With Twilight Sensor; Driver's/Passenger Dual Stage Airbags, Front Seat Belt Pretensioners & Force Limiters, Rear Center Shoulder Belt, Child Protector RR Door Locks, Internal Trunk Safety Handle, Side Impact Door Beams; AC with Clean Air Filter, Silhouette Sport Speedometer, LCD Tripmeter, Tachometer with Temp Gauge, Leather Wrapped STR Wheel/Shift Knob, Power Door Locks, Deluxe AM/FM/CD with 4 Speakers, Power Steering/Tilt Wheel, 60/40 Split Folding Rear Seats, Rear Defogger with Timer, Vertical Seat Height Adjustment, Digital Clock, Center Console Box, and Intermittent Windshield Wipers. Vehicle Identification Number **1NXBR32E83Z078026**.

## ***** MEMORANDUM OF LAW *****

## SUPPORTING WRIT OF REPLEVIN

### "WRIT OF REPLEVIN"

The right to maintain an action of replevin is also based on whether the Plaintiff has a right to <u>immediate possession</u> of the property in

question at the time the lawsuit is filed, notwithstanding the fact that the creditor may later perfect its rights to possession of the property before the suit is tried. §78.01, F.S.; **Southside Atlantic Bank v. Lewis**, 174 So.2d 470 (Fla. 1st DCA 1965); **Crawford v. Commercial Credit Corp.**, 167 So.2d 28 (Fla. 3d DCA 1964). For example, absent special language in the mortgage agreement, a mortgagee of personal property has no right of possession of the personal property upon non-payment by the mortgager. Thus, the mortgagee cannot maintain an action of replevin to recover the possession of the personal property. Rather, the mortgagee's remedy is to foreclose on the mortgage.

Under the Uniform Commercial Code, §§672.711 and 672.716, where the seller fails to deliver goods or repudiates a contract of sale, the buyer has a right of replevin for the goods identified to the contract if after all reasonable efforts to cover for the goods is unsuccessful, or the circumstances reasonably indicate that such efforts would not be available.

A Notice of Lis Pendens to charge third-persons with knowledge of the creditors claim on the property may be recorded. §718.01, F.S., **Mitchell v. Federal Land Bank of St. Louis, 206 Ark. 253, 174 S.W.2d 671, 674.**

Jurisdiction for replevin can lie in either County Court or Circuit Court and is determined based upon the value of the property sought to be replevin, not the amount alleged unpaid. §78.03, F.S. Moreover, since replevin is an in rem action, the property sought to be recovered must reside within the state. **Inversiones v. First Union Nat'l Bank**, 702 So.2d 285 (Fla. 4th_ DCA 1997)(even though Court had jurisdiction over the promissory note action, no jurisdiction lied for replevin where the property was located outside of the state); **Advantage Car Rental v. Mitsubishi Motor Sales**, 664 So.2d 46 (Fla. 3d DCA 1995)(court had jurisdiction to issue Writ of Replevin for the goods located in Florida even though the parties' contract contained a New York form selection clause).

Venue may be brought in either the county where the property sought to be replevied is located, where the contract between the parties was signed, where the Defendant resides, or where the cause of action accrued. §78.032, F.S. Thus, venue is proper in the county in which payment was due under the contract, because the cause of action for non-payment accrues where the payment is due. **Orlando Tower Services, Inc. v. Koon**, 647 So.2d 190 (Fla. 1st DCA 1990).

In **Gregory v. Padilla**, 379 P.2d at 956, a plaintiff in a claim and delivery action (replevin) was awarded damages for loss of use.

In **Kupka v. Morey**, 541 P.2d 740, 751 (Alaska 1975), a lessee was awarded damages for loss of use when the property was wrongfully repossessed.

Thus, the injured party is entitled to damages for any injury to the item, or in the case of conversion, to the value of the item. In addition, special damages may be awarded, e.g., loss of use,

business losses, costs incurred in pursuit of the item, and attorney's fees. "The general rule [is] that all damages, whether special or general, which are proximately caused by a party's tortious actions are recoverable . . . ." **Era Helicopters**, 518 P.2d at 1060.

Exemplary or punitive damages may sometimes be awarded in cases of intentional interference with personal property. **Haskins v.Sheldon**, 558 P.2d 487 (Alaska 1976) (replevin).

However, prejudgment interest on such an award is not proper. Id. at 495. The purpose of punitive damages is to punish the wrongdoer and to deter the wrongdoer and others from similar wrongdoing in the future. **Sturm, Ruger & Co., Inc. v. Davis**, 594 P.2d 38, 47 (Alaska 1979) (products liability)

As such, Defendants/Debtors has detained said goods which the Plaintiff/Creditor has perfected security interest in, as stated in UCC 1 Financing Statement. Defendants/Debtors has committed several criminal acts in wrongfully taken possession of said goods and has failed to perfect security interest in said goods. It is unclear how the Defendants/Debtors could ever arrest said goods without a true warrant from the court as set forth in the Verified Affidavit in the Truth. The Defendants/Debtors could not present a court-order when they illegally took possession of said goods, there has to be a court-order before taking possession of said goods.

WHEREFORE Plaintiff, Orlando Christopher Anderson, Creditor/Secured Party, demands judgment in this matter for Writ of Replevin. And demands that the Defendants/Debtors return said goods in the condition that it was illegally taken in, and pay damages for their wrongdoings that inconvenienced the Plaintiff/Creditor through **hardship**.

This WRIT OF REPLEVIN is signed *within the united States of America* and *without the united States* (28 USC 1746 (1)) under law for the united States of America, with explicit reservation of all my *Sovereign* unalienable rights without prejudice (UCC 1-207). All facts herein stated are true and admissible as evidence if not rebutted and proved inaccurate.

The undersigned Complainant Affiant, Orlando Christopher Anderson, Creditor/Secured Party, declares under penalties of bearing a false witness that the complaint as stated herein is true, correct and certain, now a matter of public record, a standard operating procedure of the DISTRICT OF COLUMBIA and the conspiracy demonstrated, by personal experience.

DATED: September 19, 2005

Respectfully submitted,

: Orlando-Christopher: Anderson©

By: _____©
: Orlando-Christopher: Anderson©

103 G Street, South West, # B-410

Washington, District of Columbia

Phone: 202-863-2120

Attorney in Fact