UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| :Orlando-Christopher: Anderson©, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:05CV01852 |
| ) | Judge: Richard J. Leon |
| v. ) | |
| ) | |
| Walter C. Wiggins, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, WALTER C. WIGGINS, AND JENNIFER MOORES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

Jennifer Moore ("Moore"), the District Government Employees Federal Credit Union, and Walter C. Wiggins (hereinafter collectively referred to as the "Credit Union Defendants"), by counsel, hereby request that the Court dismiss this Complaint under Rule 12(b) as Plaintiff has failed to state a federal claim upon which relief may be granted, and there was insufficiency of service of process upon Jennifer Moore.

**I.  Jennifer Moore was not properly served**

Plaintiff has attempted to perfect service under Rule 4(e) on Moore by sending a copy of the summons and complaint by certified mail to the Credit Union's offices in the District of Columbia.  This is not proper service on an individual.  Moore was no longer employed by the Credit Union on September 20, 2005 when a copy of the summons and complaint were mailed.   Exhibit A, Decker affidavit, paragraph 3.  Moore was not personally served nor was she a resident of 2000 14th Street, N.W. which would have allowed service through certified mail under D.C. Rule 4(c)(3).  Exhibit A, Decker affidavit, paragraph 6.   Accordingly, Moore should be dismissed.

## II. Plaintiff Lacks Standing to Bring this Action

This action arises from the Credit Union's repossession of Orlando Christopher Anderson's 2003 Toyota Corolla. Plaintiff intends to make a distinction that he is actually ":Orlando-Christopher: Anderson©", authorized representative. Plaintiff provides no facts explaining this distinction or establishing his standing to bring this action. As noted in the Complaint, the secured loan was given to "Orlando Christopher Anderson." To the extent Plaintiff is trying to sue as a company, and not individually, he lacks standing to bring the action and the case should be dismissed.

## III. No Federal Claim Exists

Plaintiff's Complaint contains three counts. None of these counts properly raise a federal question permitting jurisdiction in this Court. Accordingly, the Complaint should be dismissed.

### A. Count I – Accepting and Honoring a False Document by Security Recovery

Plaintiff seeks relief under § 1001, §241, § 1961 and § 1962 of Title 18 of the United States Code. 18 U.S.C. § 1001 applies to matters falling under the three branches of the United States Government: "(a) Except as otherwise provided in this section, *whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States. . .*" 18 U.S.C. §1001 (emphasis added). Credit Union matters concerning the repossession of an automobile do not fall within the ambit of authority under this code section.

Additionally, Plaintiff's reliance upon 18 U.S.C. § 241 is misplaced. Section 241 is a criminal statute which does not give rise to a civil action for damages. *Lewis V. Green*, 629 F.Supp. 546, 55 (D.D.C. 1986).

Plaintiff's claims of racketeering activities by the Defendants, including the Credit Union, fail as he does not establish the requisite pattern of racketeering activity

described in 18 U.S.C. § 1961.  Plaintiff has failed to, and indeed cannot, establish any continued or multiple acts of racketeering by the Credit Union as required by 18 U.S.C. § 1961 (5), which states that a "pattern of racketeering activity requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961.  The allegations of racketeering in Plaintiff's complaint are wholly unsupported by any specific facts.

      **B.**      **Count II – Constitutional Violations**

Plaintiff's extensive list of alleged constitutional violations are without merit and any factual basis.  Plaintiff lists thirty-seven violations of his constitutional rights which are alleged to have occurred by the repossession of the vehicle in question, none of which even remotely apply to the claimed damages in his Complaint.  "In this Circuit, a complaint should be dismissed if plaintiff can prove no set of facts in support of his claim that would entitle him to relief, and the Court does not have to accept plaintiff's inferences if they are unsupported by or do not logically flow from the facts set out in the complaint."  *Adams v. Richardson*, 871 F. Supp. 43, 46 (D.D.C. 1994).  As such, the Complaint ought to be dismissed.

      **C.**      **Count III – Ignorance of Proper Notice**

Plaintiff's third and final count is nothing more than a reiteration of his count I claim.  As such, and as described in paragraph III(A) above, Plaintiff's third count should be dismissed.

## IV. Conclusion

For the reasons stated above, Defendant District Government Employees Federal Credit Union, Walter Wiggins and Jennifer Moore request that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

        /s/ Amy S. Owen
Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax: (703) 847-4499

Counsel for District Government
Employees Federal Credit Union,
Walter C. Wiggins, and Jennifer Moore

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of District Government Employees Federal Credit Union, Walter C. Wiggins, and Jennifer Moores' Memorandum of Points and Authorities in Support of Their Motion to Dismiss was served via first class mail, postage prepaid to the following:

> :Orlando-Christopher: Anderson©
> 103 G Street, S.W., #B-410
> Washington, D.C. 20024

      /s/ Amy S. Owen
      Amy S. Owen