UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| :Orlando-Christopher: Anderson©, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No.: 1:05CV01852 |
| | ) | Judge: Richard J. Leon |
| v. | ) | |
| | ) | |
| Walter C. Wiggins, et al. | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, WALTER C. WIGGINS AND JENNIFER MOORES' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

:Orlando-Christopher: Anderson©'s (the "Plaintiff") Complaint against the Defendants District Government Employees Federal Credit Union, Walter C. Wiggins and Jennifer Moore (collectively, the "Credit Union Defendants") should be dismissed. As more fully set forth below, the Plaintiff lacks standing to bring this action and has failed to provide a basis in its response to support a claim in this Court.

I.    JENNIFER MOORE WAS NOT PROPERLY SERVED

Plaintiff contends that mailing, by certified mail, the summons and complaint to Ms. Jennifer Moore's attention at the place of her prior employment establishes proper service. When the return receipt is not signed by the defendant upon whom the plaintiff seeks service, the plaintiff must attach an affidavit with the return filed with the court delineating the "… specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." D.C. Sup. Ct. Rule 4(l)(2). The Plaintiff acknowledges that Mr. Wiggins signed the Certified Mail Return Receipt, yet the Plaintiff has failed to include such an explanation or

affidavit setting forth Mr. Wiggins' qualifications to accept process on Ms. Moore's behalf. Additionally, D.C. Sup. Ct. Rule 4 does not allow service upon an individual by sending a copy of the summons and complaint to a former employer. As the Plaintiff failed to perfect service upon Ms. Moore, the complaint against her should be dismissed.

II.   NO FEDERAL CLAIM EXISTS

    A.   <u>Title 18 of the United States Code does not create a civil cause of action.</u>

Plaintiff seeks relief under §1001, §241, §1961, and §1962 of Title 18 of the United States Code. Title 18 of the United States Code is entitled "Crimes and Criminal Procedure." Plaintiff relies upon the named sections to institute a civil suit. None of the provisions of the above-referenced sections of Title 18 of the United States Code provide for civil penalties. As such, Plaintiff's reliance upon Title 18 of the United States Code does not grant the Plaintiff either federal jurisdiction or civil relief.

    B.   <u>Plaintiff's reliance upon constitutional violations is without merit.</u>

Plaintiff's reference to thirty-seven (37) constitutional violations providing federal jurisdiction in this matter is frivolous. Plaintiff's claims are unsupported, aside from a self-serving affidavit, and are not related to the facts surrounding Plaintiff's replevin complaint.

    C.   <u>Plaintiff does not assert this Court has any statutory jurisdiction over this claim.</u>

The Plaintiff explicitly refused any statutory jurisdiction he may have possessed in this matter. In Plaintiff's Verified Affidavit in the Truth, the Plaintiff states, "…"I hereby and herein claim my right to common law jurisdiction and **refuse statutory jurisdiction**…" see page 2 of Plaintiff's Affidavit in the Truth (emphasis added). As such, Plaintiff's reliance on any statutory

law to establish a federal claim should be treated as waived, and the Plaintiff's complaint dismissed.

III.    PLAINTIFF HAS FAILED TO ESTABLISH STANDING IN THIS MATTER

The named Plaintiff in this matter, :Orlando-Christopher: Anderson©, does not have standing to pursue the claim against the Credit Union Defendants in either federal or state court. Plaintiff identifies itself not as the owner of the vehicle in question, but as a secured creditor. Orlando Christopher Anderson (Corporation Sole) filed a UCC financing statement in the State of Maryland, covering the vehicle in question, on October 3, 2003.  (See Attachment A). However, according to the Loan Agreement and Consumer Credit Disclosure Statement signed by Orlando Christopher Anderson on August 21, 2002, the debtor granted the District Government Employees Federal Credit Union a security interest in the vehicle upon signing the documents.  (See Attachment B).  Notwithstanding Plaintiff's claim that it is a secured creditor of Orlando-Christopher Anderson, the District Government Employees Federal Credit Union is also a secured creditor of Orlando-Christopher Anderson.

The District Government Employees Federal Credit Union's security interest has priority over any secured interest of the Plaintiff.  Not only did the debtor pledge the collateral to the Credit Union prior to the filing of the Plaintiff's UCC Financing Statement, but the Credit Union also advanced funds to Orlando-Christopher Anderson for the purchase of the vehicle, thus giving it a purchase money security interest which has priority over all other types of security interests.

The Credit Union repossessed the vehicle in question as its debtor failed to make proper payments on the vehicle.  Despite the Plaintiffs alleged perfected security interest, the Credit Union had priority and repossessed the car in accordance with its right and the security

agreement with Orlando-Christopher Anderson. As the Credit Union properly repossessed the vehicle, it did not deprive :Orlando-Christopher: Anderson© of its right to the vehicle. Thus, the Plaintiff has no standing to bring this claim.

IV.     CONCLUSION

For the reasons stated above, Defendants District Government Employees Federal Credit Union, Walter Wiggins and Jennifer Moore request that the Court dismiss the Complaint with prejudice.

Respectfully submitted,

　　　/s/ Amy S. Owen　　
Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax: (703) 847-4499

Counsel for District Government
Employees Federal Credit Union,
Walter C. Wiggins, and Jennifer Moore

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of November, 2005, a true and correct copy of District Government Employees Federal Credit Union, Walter C. Wiggins, and Jennifer Moore's Memorandum of Points and Authorities in Support of Their Motion to Dismiss was served via first class mail, postage prepaid to the following:

> :Orlando-Christopher: Anderson©
> 103 G Street, S.W., #B-410
> Washington, D.C. 20024

                                              /s/ Amy S. Owen
                                        Amy S. Owen