CUST ID: 0001214577
WORK ORDER: 0008794686
DATE: 10-03-2003 08:55 AM
AMT. PAID: $117.00

REDACTED

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Orlando Anderson
c/o 103 G Street, South West, #B-410
Washington, DC near 20024

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: ORLANDO CHRISTOPHER ANDERSON (CORPORATION SOLE)

1c. MAILING ADDRESS: 103 G STREET, SOUTH WEST, #B-410 | CITY: WASHINGTON | STATE: DC | POSTAL CODE: 20024 | COUNTRY: US

1e. TYPE OF ORGANIZATION: CORP SOLE | 1f. JURISDICTION OF ORGANIZATION: DISTRCT OF COLUMBIA | 1g. ORGANIZATIONAL ID #: 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

3. SECURED PARTY'S NAME

3b. INDIVIDUAL'S LAST NAME: Anderson | FIRST NAME: Orlando | MIDDLE NAME: Christopher

3c. MAILING ADDRESS: c/o 103 G Street, South West, #B-410 | CITY: Washington | STATE: DC | POSTAL CODE: Near 20024 | COUNTRY: US

4. This FINANCING STATEMENT covers the following collateral:

Interest in the property registered in the State of the District of Columbia to ORLANDO CHRISTOPHER ANDERSON identified as a 2003 black Toyota Corolla-S car VIN 1NXBR32E83Z078026 Value $ 15,555.16 bank account ######### at Bank of America of the District of Columbia
Interest held in the name of ORLANDO CHRISTOPHER ANDERSON in all other property identified in the Security Agreement between the secured party and the debtor named above, dated August 12, 2003, evidencing previous value and services given by the secured party to the debtor.
This Statement is filed without the debtor's signature to perfect interest in collateral already subject to a security interest in another jurisdiction when it was brought into this state.

Filed with:       State of Maryland     Secretary of State     UCC Division
Date filed:      November 7, 2002
Filing Number:   181135307
Proceeds of collateral are also covered.   Products of collateral are also covered.

8. OPTIONAL FILER REFERENCE DATA
Secured Party:

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

**EXHIBIT A**

I hereby certi[fy]
page d[ocument]
BY: _Sherry T Pinkard_     7/22/05
This stamp repl[aces]

**DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION**
Second Floor Mezzanine, 2000 14th Street, NW
Washington, DC 20009
(202) 673-3623

**LOAN AGREEMENT AND CONSUMER CREDIT DISCLOSURE STATEMENT ("Agreement")**

You promise to pay the amount borrowed, plus interest, other permitted charges and fees to the order of District Government Employees Federal Credit Union ("Lender") or assignee, according to the terms of this Agreement (including those set forth in the Federal Truth-in-Lending Disclosure). Numbers, phrases or words preceded by a ☐ are applicable only if the ☐ is marked, e.g. ☒.

In this Agreement the use of the words "Credit Union", "We", "Us" and "Our" mean District Government Employees Federal Credit Union. The Borrower(s) and any Co-Signer(s) of the Agreement, individually and collectively, are sometimes referred to as "You" or "Your". (e) means estimate, (n/a) means not applicable

| Borrower(s) | Orlando C Anderson |
| | 103 G St Sw B-410 |
| | Washington, DC 20024 |

REDACTED

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost You. | AMOUNT FINANCED The amount of credit provided to You or on Your behalf. | TOTAL OF PAYMENTS The amount You will have paid when You have made all scheduled payments. | DATE | ACCOUNT NUMBER |
|---|---|---|---|---|---|
| 6.25 % | $ 2,635.52 | $ 15,480.00 | $ 18,115.52 | 08/21/2002 | 3872759-50 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 129 | $139.36 | Bi-weekly Beginning 09/30/2002 |
| 1 | $138.08 | Final Payment Due 09/10/2007 |

You may obtain property insurance from anyone You want that is acceptable to the Credit Union.
☐ Required Deposit: The Annual Percentage Rate does not reflect Your required deposit.
Assumability: Your loan is not assumable.
Security: You are giving a security interest in:
☒ The goods or property being purchased.
☐ Personal property (other than household goods or any dwelling) securing other loans with Us.
☒ Your present and future shares or deposits in the Credit Union.
☐ Other _____

Prepayment: If you pay off early, You will not have to pay a penalty.
Late Charge:
Filing Fee $ 15.00   Non-Filing Insurance N/A
See Your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Simple Interest Rate of 6.25 % per Annum.

| Itemization of Amount Financed of | $ 15,480.00 | Amount Paid to Others on Your Behalf: | |
|---|---|---|---|
| Amount Given to You Directly | $ 15,480.00 | Credit Insurance | $ 0.00 |
| Amount Paid on Your Account | $ 0.00 | Application fee | $ 0.00 |

**Insurance:** Credit Life and Credit Disability insurance are not required to obtain credit and will not be provided unless You agree to pay the additional cost and sign below.

| Type | Premium | Signature-Check and Sign | | | Age/Birth Date |
|---|---|---|---|---|---|
| SINGLE DECREASING LIFE | $0.00 | Single Decreasing Credit Life Insurance | ☐ You Want | ☒ You Do Not Want | Borrower: Age 36 |
| JOINT DECREASING LIFE | $0.00 | Joint Decreasing Credit Life Insurance | ☐ You Want | ☒ You Do Not Want | 03/12/1966 |
| SINGLE DISABILITY | $0.00 | Credit Disability Insurance | ☐ You Want | ☒ You Do Not Want | Co-Borrower: Age |
| | | Signature: _[signature]_ | | | |

**Security Interest.** To secure all obligations of Borrower(s) hereunder to the Credit Union, You give a security interest and lien in and upon the following property, including any and all accessions, related insurance proceeds or insurance premium refunds.

| Year | Make | Model | V.I.N./Serial No. | Key/Lic. No. |
|---|---|---|---|---|
| 2003 | Toyota | Corolla | 1NXBR32E83Z078026 | 4DR |

Other   New Vehicle Loan

Further paragraphs of this Agreement are set forth on the separate page titled "Additional Provisions of Agreement", and You agree to be bound by all of the provisions of this Agreement.

Signatures: You have signed this Agreement this 21st day of August, 2002 and acknowledge that You have read it, that You understand it, and that You have received a completely filled-in copy of it.

X _[signature]_
Signature of Borrower

X _[signature]_
Signature of Borrower ☐ Owner of Collateral (other than Borrower)

X _[signature]_
Witness

EXHIBIT B

X _____
Signature of Borrower ☐ Owner of Collateral (other than Borrower)

**Co-Signer:** You understand that You are fully liable to pay any amounts due under this Agreement. The Credit Union does not have to make any demand on any other person obligated under this Agreement, nor take any steps to repossess any Collateral before demanding that You pay any amount. You have read this entire Agreement, You understand it, and You agree to be bound by all of the terms.

X _____
Name of Co-Signer (Please Print)

X _____
Signature of Co-Signer

Date _____

Street Address _____   City _____   County _____   State _____   Zip _____

## ADDITIONAL PROVISIONS OF AGREEMENT

1. **LIABILITY OF PARTIES.** Each person who signs this Agreement as a Borrower or Co-Signer agrees to be individually and jointly obligated to pay Your loan in accordance with the terms and conditions of this Agreement. Any person who signs this Agreement and checks the box preceding "Owner of Collateral (other than Borrower)" does so voluntarily and solely to give a security interest in the collateral shown in the Security Interest section in this agreement, but is not personally liable for any indebtedness created by this Agreement.

2. **INTEREST.** Interest will be charged on the unpaid balance of Your loan at the Simple Interest Rate designated in this agreement until Your balance is paid in full. Any payment may be made early without penalty, and any early payments will have the result of reducing the total amount of interest paid. Any payment made after the due date will have the result of increasing the total amount of interest paid.

3. **PAYMENTS.** Your payments are to be made in lawful money of the United States according to the Payment Schedule in this agreement. Any partial prepayment of Your loan will not delay Your next scheduled due date. If, when You pay Your last scheduled payment, the amount You pay exceeds Your loan balance, then You give the Credit Union permission to deposit the excess to Your share account.

4. **COLLATERAL.** The Credit Union has been granted a security interest or lien in or upon the Collateral designated on the reverse side or in a separate document such as a Security Agreement, Mortgage, Assignment, Pledge, Trust Deed or similar document (the subject matter of such a security interest or lien is referred to as "Collateral" in this Agreement). Except for the Credit Union's security interest or lien, the Collateral is owned free and clear from any adverse claim, security interest or encumbrance other than as now disclosed to the Credit Union. Without the express written consent of the Credit Union, no other liens, security interests or encumbrances will be allowed to attach to the Collateral. You agree to inform the Credit Union immediately if the Collateral is to be moved from Your address shown in this agreement or at such other address at which You have informed the Credit Union the Collateral is now located. The Collateral shall not be sold or ownership otherwise transferred and at all times the Collateral shall be kept in good repair. The Collateral shall not be used for any unlawful purpose. The Credit Union shall receive the full cooperation of the Borrower, Co-Signer or Owner in obtaining everything that We require to place and/or maintain Our security interest in and/or lien on the Collateral. The Credit Union may examine and inspect the Collateral at any time wherever located. All taxes or assessments on the Collateral shall be paid as they come due, and if not paid, the Credit Union may pay them and shall be entitled to reimbursement or, alternatively, to add any amount so paid to the unpaid balance of Your loan subject to the applicable interest rate.

   Personal property given as Collateral under this Agreement (other than household goods or any dwelling) secures the repayment of all amounts You may owe Us in the future if that status is reflected in the "Security" section under the "Truth-in-Lending Disclosure" in any particular Loan Agreement evidencing such future debt.

5. **LIEN ON SHARES.** If shares or deposits are pledged as security for this loan, You understand that the balance in Your account(s) on deposit with the Credit Union must be kept at least equal to the balance of Your loan until Your loan is repaid in full. We may, however, permit You to maintain or reduce Your account balances below Your loan balance. If You are in default, the Credit Union may apply all shares (except Keogh Accounts and IRA Accounts) then on deposit to Your loan up to an amount sufficient to repay Your loan.

6. **PROPERTY INSURANCE.** You promise to maintain property insurance in an amount necessary to protect Our security interest in the Collateral, with Us named as loss payee for Our protection. Such insurance shall protect against loss by fire, theft, and collision and will provide "all risks" hull insurance in the case of aircraft or boats and accessories thereto, if any. You may provide the required property insurance through an existing policy or by a policy You independently obtain and pay for from a person of Your own choosing, providing such person is reasonably acceptable to Us. You agree to deliver satisfactory evidence of the insurance policy to Us within any time period specified in any notice from Us or on Our behalf. If You do not get or keep this insurance, We may, at Our sole option, obtain insurance to protect Our interest and add its costs to Your loan and You agree to pay for it (by such means as increasing Your payment or increasing Your loan term). We are under no obligation to obtain insurance on Your behalf. If We do obtain insurance, the cost of obtaining that insurance may be added to Your loan balance, subject to the applicable interest rate. We have the authority to obtain, adjust, settle or cancel insurance and may endorse any party's name on any draft.

7. **DEFAULT.** Your loan shall be in default if any of the following things occur: (a) You do not make any payment or perform any obligation under this Agreement or any other agreement that You may have with the Credit Union; or (b) You have made a false or misleading statement in Your credit application and/or in Your representations to the Credit Union while You owe money on this loan; or (c) You should die, or be involved in any insolvency, receivership or custodial proceeding brought by or against You; or (d) a judgement or tax lien should be filed against You or any attachment or garnishment should be issued against any of Your property or rights, specifically including anyone starting an action or proceeding to seize any of Your funds on deposit with the Credit Union; and/or (e) the Credit Union should, in good faith, believe Your ability to repay Your indebtedness hereunder is or soon will be impaired, time being of the very essence.

   Upon any occurrence of default, and to the extent permitted by law, We may declare the entire balance of Your loan immediately due and payable, without prior notice or demand. If the entire balance is not then paid immediately upon default, and if permitted by law, the Collateral shall be voluntarily surrendered to the Credit Union at a time and place acceptable to it. If this is not done, to the extent permitted by law, the Credit Union may enter the premises where the Collateral is located and take possession of it and the Credit Union may assert the defense of a superior right of possession as the holder of a security interest to any offense of alleged wrongful taking and conversion. The Credit Union may sell or dispose of the Collateral in any manner permitted by law, and any resulting deficiency on Your loan shall be immediately paid to the Credit Union. In the event collection efforts are required to obtain payment on this or any other account, You agree to pay all court costs, private process server fees, investigation fees or other costs incurred in collection and reasonable attorney fees incurred in the course of collecting any amounts owed under this Agreement or in the recovery of any Collateral. As permitted by law, the Credit Union shall have the right to impress and enforce a statutory lien upon the shares and dividends of any member indebted to it and We may enforce Our right to do so without further notice to You. Additionally, You agree that We may set-off any mutual indebtedness.

8. **ASSUMABILITY.** Your loan is not assumable.

9. **DELAY IN ENFORCEMENT.** We do not lose Our rights under this or any related agreement if We delay enforcing them. We can accept late payments, partial payments, or any other payments, even if they are marked "paid in full" without losing any of Our rights under this Agreement. If any provision of this or any related agreement is determined to be unenforceable or invalid, all other provisions remain in full force and effect.

10. **GOVERNING LAW.** You understand and agree that this Agreement will be governed by the laws of the state in which it is written except to the extent that Federal law controls.

Borrower's Initials  O.C.A. _____

Copyright Oak Tree Business Systems, Inc., 1987-2001. All Rights Reserved.    Page 2 of 2    OTBS 011CC (8/00) DISG (12/01)

Lender: **DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION**
2000 14TH STREET, NW 2ND FLOOR
WASHINGTON, DC 20009

## SECURITY AGREEMENT

**Borrower(s)**
ORLANDO C. ANDERSON
103 G ST., SW B-410
WASHINGTON, DC 20024

Date of Loan: 08/21/2002
Account Number: ~~3872759-50~~
Amount Financed: $15,480.00

**DEFINITIONS.** In this Agreement the use of the words "Lender", "Credit Union", "We", "Us", and "Our" mean the Credit Union. The Owner(s) of the Collateral of this Agreement, individually and collectively, is sometimes referred to as "You" or "Your".

**SECURITY INTEREST.** To secure the loan identified by the Account Number shown above and all obligations reflected in this Security Agreement and/or in any related Loan Agreement and Consumer Credit Disclosure Statement, You give a security interest and lien in and upon the Collateral under the heading "Security", described below, including any and all accessions, related insurance proceeds or insurance premium refunds. You agree, covenant and warrant:

**LIABILITY OF PARTIES.** Each person who signs this Agreement has done so voluntarily and solely to give a security interest in the Collateral shown in the Security section of this Agreement.

**COLLATERAL.** The Credit Union has been granted a security interest or lien in or upon the Collateral designated in this Agreement (the subject matter of such a security interest or lien is referred to as "Collateral" in this Agreement). Except for the Credit Union's security interest or lien, You warrant that the Collateral is owned free and clear from any adverse claim, security interest or encumbrance other than as now disclosed to the Credit Union. Without the express written consent of the Credit Union, no other liens, security interests or encumbrances will be allowed to attach to the Collateral. The Collateral shall not be sold or ownership otherwise transferred and at all times the Collateral shall be kept in good repair. The Collateral shall not be used for any unlawful purpose. The Credit Union shall receive Your full cooperation in obtaining everything that We require to place or maintain Our security interest or lien on the Collateral. The Credit Union may examine and inspect the Collateral at any time wherever located. All taxes or assessments on the Collateral shall be paid as they come due, and if not paid, the Credit Union may pay them and shall be entitled to reimbursement or, alternatively, to add any amount so paid to the unpaid balance of the loan related to this Agreement, subject to the applicable interest rate.

Personal property given as Collateral under this Agreement (other than household goods or any dwelling) secures the repayment of all amounts You and/or the Borrower(s) identified on the loan related to this Agreement may owe Us in the future if that status is reflected in the "Security" section under the "Truth-in-Lending Disclosure" in any particular Loan Agreement evidencing such future debt.

**LIEN ON SHARES.** To the extent the Collateral may consist of shares or deposits, You understand that the pledged balance in the account(s) on deposit with the Credit Union must be kept at least equal to the balance of that loan until it is repaid in full. We may, however, permit such account balance(s) to be maintained or reduced below the balance of the loan related to this Agreement. If the loan related to this Agreement is in default for any reason at any time, the Credit Union may apply all shares (except Keogh Accounts and IRA Accounts) then on deposit to that loan up to an amount sufficient to repay it in full.

**PROPERTY INSURANCE.** You promise to maintain property insurance on the Collateral in an amount necessary to protect Our security interest in the Collateral, with Us named as loss payee for Our protection. Such insurance shall protect against loss by fire, theft, and collision and will provide "all risks" hull insurance in the case of aircraft or boats and accessories thereto, if any. You may provide the required property insurance through an existing policy or by a policy You independently obtain and pay for from a person of Your own choosing, providing such person is reasonably acceptable to Us. You agree to deliver satisfactory evidence of the insurance policy or, at Our option, with certificates or other satisfactory evidence to Us within any time period specified in any notice from Us or on Our behalf. If You do not get or keep this insurance, We may, at Our sole option, obtain insurance to protect Our interest and add its costs to the loan related to this Agreement. We are under no obligation to obtain insurance on Your behalf. If We do obtain insurance, the cost of obtaining that insurance may be added to the balance of the loan related to this Agreement, subject to the applicable interest rate. We have the authority to obtain, adjust, settle or cancel insurance and may endorse any party's name on any draft.

**DEFAULT.** You understand that the loan related to this Agreement shall be in default if any of the following things occur: (a) You and/or the Borrower(s) identified on the loan related to this Agreement do not make any payment or perform any obligation under this Agreement, the Agreement related to this Security Agreement or any other agreement You and/or the Borrower(s) identified on the loan related to this Agreement may have with the Credit Union; or (b) You and/or the Borrower(s) identified on the loan related to this Agreement have made a false or misleading statement in any representations to the Credit Union while money is owed on the loan related to this Agreement; or (c) You or the borrower(s) identified on the loan related to this Agreement should die, or be involved in any insolvency, receivership or custodial proceeding brought by or against You and/or the Borrower(s) identified on the loan related to this Agreement; or (d) a judgement or tax lien should be filed against You and/or the Borrower(s) identified on the loan related to this Agreement or any attachment or garnishment should be issued against any of Your property or rights and/or that of the Borrower(s) identified on the loan related to this Agreement, specifically including anyone starting an action or proceeding, to seize any of Your funds on deposit with the Credit Union or those of the Borrower(s) identified on the loan related to this Agreement; and/or (e) the Credit Union should, in good faith, believe that the Borrower(s) identified on the loan related to this Agreement ability to repay the indebtedness created by that loan is or soon will be impaired, time being of the very essence.

Upon any occurrence of default, and to the extent permitted by law, We may declare the entire balance of the loan related to this Agreement immediately due and payable, without prior notice or demand. If the entire balance is not then paid immediately upon default, and if permitted by law, the Collateral shall be voluntarily surrendered to the Credit Union at a time and place acceptable to it. If this is not done, to the extent permitted by law, the Credit Union may enter the premises where the Collateral is located and take possession of it and the Credit Union may assert the defense of a superior right of possession as the holder of a security interest to any offense of alleged wrongful taking and conversion. The Credit Union may sell or dispose of the Collateral in any manner permitted by law, and any resulting deficiency on the loan related to this Agreement shall be immediately paid to the Credit Union. In the event collection efforts are required to pursue any of Our rights under this Agreement, You agree to pay all court costs, private process server fees, investigation fees or other costs incurred in the collection process including reasonable attorney fees incurred in the course of collecting any amounts owed according to the terms of this Agreement. If permitted by law, the Credit Union shall have the right to impress and enforce a lien upon the shares and dividends of any member indebted to it, and the Credit Union may set-off any mutual indebtedness.

**ASSUMABILITY.** The loan related to this Agreement is not assumable.

**DELAY IN ENFORCEMENT.** We do not lose Our rights under this or any related agreement if We delay enforcing them. We can accept late payments, partial payments, or any other payments, even if they are marked "paid in full" without losing any of Our rights under this Agreement. If any provision of this or any related agreement is determined to be unenforceable or invalid, all other provisions remain in full force and effect.

**GOVERNING LAW.** You understand and agree that this Agreement will be governed by the laws of the State in which it is written except to the extent that Federal law controls.

**Security:**

| Year | Make | Model | V.I.N./Serial No. | Key/Lic. No. |
|---|---|---|---|---|
| 2003 | TOYOTA | COROLLA | 1NXBR32E83Z078026 | |

Other

Signature: You have signed this Agreement on  8-21-02   and acknowledge that You have read it, that You understand it, and that You have received a completely filled-in copy of it.    Date

x: _[signature]_
Signature of Borrower

x _____
Signature of Borrower  ☐ Owner of Collateral (other than Borrower)

x _____
Signature of Authorized Credit Union Representative

x _[signature] A. Neal_
Witness

Copyright Oak Tree Business Systems, Inc., 1993 - 1999. All Rights Reserved.                    OTBS 119 (9/99)