# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| : Orlando-Christopher: Anderson©,<br>Plaintiff, | )<br>)<br>) |
| V. | )    CIVIL CASE NO. 05cv1852 (RJL) |
| | ) |
| WALTER C. WIGGINS, et al.<br>DEFENDANTS | )<br>)<br>) |

## PLAINTIFF'S OPPOSITON TO PARTIAL CONSENT
## MOTION FOR ENLARGEMENT OF TIME

This Court should deny Defendants LINDA G. RAINES' and SECURITY

RECOVERY, INC.'s Partial Consent Motion for Enlargement of Time for filing of a

Rule 12 (b) (6) Motion.  The reasons for this Plaintiffs' Opposition to Partial Consent

Motion for Enlargement of Time are greater particularly in the accompanying Plaintiffs'

Memorandum of Points and Authorities in Opposition to Partial Consent Motion for

Enlargement of Time.

DATED: November 14, 2005

Respectfully submitted,

: Orlando-Christopher: Anderson©

By: _[signature]_ ©

: Orlando-Christopher: Anderson©
103 G Street, South West, # B-410
Washington, District of Columbia [20024]
Phone:  202-863-2120
Attorney in Fact

RECEIVED

NOV 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this <u>14th day of November 2005</u>, copies of the foregoing PLAINTIFF'S OPPOSITON TO PARTIAL CONSENT MOTION FOR ENLARGEMENT OF TIME, was mailed to first class, postage prepaid to:

Thomas G. Hagerty (D. C. Bar # 251975)
Semmes, Bowen and Semmes
1001 Connecticut Avenue, North /West Suite 1100
Washington, DC  20036
202-822-8250
Counsel for LINDA G. RAINES and
SECURITY RECOVERY, INC.

:Orlando-Christopher: Anderson©
Secured Party/Creditor

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| : Orlando-Christopher: Anderson©, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL CASE NO. 05cv1852 (RJL) |
| | ) | |
| WALTER C. WIGGINS, et al. | ) | |
| DEFENDANTS | ) | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
### OPPOSITON TO PARTIAL CONSENT
### MOTION FOR ENLARGEMENT OF TIME

This Court should deny Defendants LINDA G. RAINES' and SECURITY RECOVERY, INC.'s Partial Consent Motion for Enlargement of Time for filing of a Rule 12 (b) (6) Motion. As more fully set forth below, The Plaintiff, Orlando-Christopher: Anderson©, does in fact have Standing to bring this Complaint in Replevin as Secured Creditor of said Goods and Chattels wrongfully taken and detained, and has provided a basis in it's response to support a claim in this Court.

The District of Columbia Claim and Federal Claim exists from the Fraud perpetrated by the Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. Several of the Plaintiffs' Constitutional Rights were violated; Denied right of Due Process of Law; Fraud- Permitting shown from demonstrated acts of fraud and actively participated in a scheming conspiracy of untruths and misrepresentations to deceive those who entrusted themselves in dealing in good faith, while specifically acting in deliberate bad faith when such fraud was shown, *District of Columbia Code DIVISION IV Title 22 Chapter 32 Subchapter III § 22-3221; Title 18 of the United States Code § 1001.

# FACTS

On July 18th, A.D. 2005, SECURITY RECOVERY, INC. at the direction of WALTER C. WIGGINS, JENNIFER MOORE, and DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION illegally took possession of said Goods and Chattels with out a Court-Order which the Plaintiff has perfected Security Interest; Black Sand Pearl 2003 Toyota Corolla-S 4-door sedan VIN 1NXBR32E83Z078026 from private property. After attempting to locate the whereabouts of said Goods and Chattels, upon investigation the Plaintiff was told by JENNIFER MOORE that the Goods and Chattels were stored in SECURITY RECOVERY, INC. 1101 Hengemihle Avenue, Baltimore, Maryland 21221 without a Court Order.

# ARGUMENT

**I.**    Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. retained Counsel to represent them in this Action more than twenty (20) days after September 22, 2005, the date of delivery by Registered Mail, Return Receipt Requested P. S. Form 3811 of the Summons and Complaint in Replevin indicated on the Return Receipts attached to the Plaintiffs' Affidavits of Service for these Defendants.

**II.**    Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. contends that these Defendants failure to have filed a Motion to Dismiss within twenty (20) days of alleged Service of the Summonses and Complaints on them  on September 22, 2005 is result of excusable neglect.  Because of inadvertent delays in forwarding of the

Summonses and Complaints allegedly Served on these Defendants to Insurance Agent for

SECURITY RECOVERY, INC., from the agent to the Claim Office of the insurer for

these Defendants, and from that office to Thomas G. Hagerty, retained Counsel, more

than twenty (20) days had elapsed from the date of alleged Service when the

Summonses and Complaints were received by Thomas G. Hagerty, retained Counsel,

thereby precluding the filing of a timely Motion on behalf of these Defendants under the

Federal Rules of Civil Procedure. The Defendants LINDA G. RAINES and SECURITY

RECOVERY, INC. contends that the delay was due purely to oversight and was not

motivated by intent to protract this litigation. These claims are frivolous and unsupported

without an Affidavits, and the Defendants LINDA G. RAINES and SECURITY

RECOVERY, INC. did not serve an Answer to Orlando-Christopher: Anderson©, the

Plaintiff in a timely manner after Service of Process of the Summons and Complaint in

Replevin under *Federal Rules of Civil Procedure 12(a)(1)(A). An Answer was not filed

with the Court as of October 12, 2005 set by the Court. *see Tuckman v. Aerosonic

Corp.,394 A.2d 226,232-33 Del. Ch. 1978; holding that failure to assert defenses

promptly resulted in a waiver. *Rule 12(a) requires that an Answer be served within 20

days of Service of the Complaint on Defendant unless the time for answering is extended,

and therefore, under normal circumstances a Defendant would be held to have waived the

defenses of Lack of Jurisdiction over the person and insufficient Service of Process if the

defenses had not been raised in the Answer or by Motion before Service of the Answer.

In either event whether raised by Motion or Pleading, the maximum time allowed would

have been 20 days from Service of the Complaint on a Defendant.

**III.**    Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. contends that the Plaintiff will not be prejudiced by the granting of the request for Motion for Enlargement of Time, and that Joinder has not yet been achieved, as co-Defendant LAWRENCE H. MIREL has yet to file a Motion or Answer in response to the Complaint. Plaintiff contends that granting of the Defendants request will be with prejudice after the Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. have failed to meet the deadline as set by the Court. Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. contends, their request, if granted, will not halt the progress of discovery, which has not yet commenced, or otherwise delay this case. The Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. are making attempts in bad faith to divert the Courts focus of the Complaint in Replevin of the return of property wrongfully taken from the Plaintiff. Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. contend that they have meritorious defenses which they wish to assert, and are required to assert, at the outset by way of a Motion. If in fact they do have meritorious defenses, their time has now expired under *Federal Rules of Civil Procedure 12 (a) (1) (A). Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. contends the Interest favoring full Litigation of all Claims and Defenses affecting all parties to an Action supports the granting of an extension of time for filing of a Rule 12 Motion. This Claim is frivolous and unsupported.

**IV.**    Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. contend before filing a Non-Dispositive Motion that they can discuss the Motion with Pro Se Plaintiff and other Defendants Counsel. Plaintiff contends that the Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. Counsel did not follow the Rules of the

Court by contacting Counsel for DISTRICT GOVERNMENT EMPLOYEES
FEDERAL CREDIT UNION, WALTER C. WIGGINS, JENNIFER MOORE and
attempting to contact LAWRENCE H. MIREL, in bad faith.  *Local Rule 7 (m) states
before filing any non-dispositive motion in a civil action, counsel shall discuss the
anticipated motion with opposing counsel, either in person or by telephone, in a good
faith effort to determine whether there is any opposition to the relief sought and, if there
is opposition, to narrow the areas of disagreement.

**V.**     The Defendants LINDA G. RAINES and SECURITY RECOVERY, INC. has
failed to make the requisite showing of excusable neglect and accordingly, Defendants
LINDA G. RAINES' and SECURITY RECOVERY, INC.'s Partial Consent Motion for
Enlargement of Time should be denied.

**VI.**     The Plaintiff does not consent to this Non-Dospoitive Motion, Defendants
    LINDA G. RAINES and SECURITY RECOVERY, INC. have failed to meet the
deadline as set by the Court, and they are making attempts in bad faith to divert  the
Courts focus of the Complaint in Replevin of the return of property wrongfully taken
from the Plaintiff.

**VII.**    **Conclusion**

        For the reasons stated above, Plaintiff moves this Court to deny Defendants
LINDA G. RAINES' and SECURITY RECOVERY, INC.'s Partial Consent Motion for
Enlargement of Time and Plaintiff Demands Default Judgment in favor of the Plaintiff
against Defendants LINDA G. RAINES' and SECURITY RECOVERY, INC., and Relief

in the amount of $10,000,000.00 Damages, or appropriate Relief through Determination

of Damages by the Court against Defendants LINDA G. RAINES' and SECURITY

RECOVERY, INC., with prejudice.


DATED: November 14, 2005


Respectfully submitted,

: Orlando-Christopher: Anderson©

By: _____ ©
: Orlando-Christopher: Anderson©
103 G Street, South West, # B-410
Washington, District of Columbia [20024]
Phone: 202-863-2120
Attorney in Fact

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this <u>14th day of November 2005,</u> copies of the foregoing
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
OPPOSITON TO PARTIAL CONSENT MOTION FOR ENLARGEMENT OF TIME,
was served and mailed to first class, postage prepaid to:

Thomas G. Hagerty (D. C. Bar # 251975)
Semmes, Bowen and Semmes
1001 Connecticut Avenue, North /West Suite 1100
Washington, DC  20036
202-822-8250
Counsel for LINDA G. RAINES and
SECURITY RECOVERY, INC.

:Orlando-Christopher: Anderson©
Secured Party/Creditor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| : Orlando-Christopher: Anderson©,<br>Plaintiff, | ) |
| | ) |
| | ) |
| V. | )  CIVIL CASE NO. 05cv1852 (RJL) |
| | ) |
| WALTER C. WIGGINS, et al.<br>DEFENDANTS | ) |
| | ) |

## ORDER

Upon consideration of the Plaintiff's Opposition to Partial Consent Motion for

Enlargement of Time, and the record hereto, it is hereby

**ORDERED** that Defendants LINDA G. RAINES' and SECURITY RECOVERY,

INC.'s Partial Consent Motion for Enlargement of Time is denied; and it is

**ORDERED** that Plaintiff is granted, Entry of Default against Defendants

LINDA G. RAINES' and SECURITY RECOVERY, INC.; and it is further

**ORDERED** that the Plaintiff is awarded Relief in the amount of $10,000,000.00

Damages or appropriate Relief through Determination of Damages by the Court against

Defendants LINDA G. RAINES and SECURITY RECOVERY, INC., with prejudice.

---

Date

---

Judge Richard J. Leon

Copies to:

: Orlando-Christopher: Anderson©
103 G Street, South West, #B-410
Washington, DC [20024]

Thomas G. Hagerty (D. C. Bar # 251975)
Semmes, Bowen and Semmes
1001 Connecticut Avenue, North /West Suite 1100
Washington, DC  20036
202-822-8250
Counsel for LINDA G. RAINES and
SECURITY RECOVERY, INC.