UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORLANDO-CHRISTOPHER )
ANDERSON,

    Plaintiff, )

        v. ) Case Number 05cv01852( RJL)

WALTER WIGGINS, et al, )

    Defendants. )

## MOTION TO DISMISS THE COMPLAINT AGAINST LAWRENCE H. MIREL

Lawrence H. Mirel, formerly Commissioner, Department of Insurance and Securities and Banking, Government of the District of Columbia,[1] by and through counsel, respectfully moves the Court to dismiss the complaint against him due to : (1) ineffective service of process. Service of process was by certified mail on a person who was not authorized by appointment or law to receive service on behalf of Mr. Mirel. Thus, due to ineffective service of process, this court lacks personal jurisdiction over Mr. Mirel (2) plaintiff s failure to state a short and plain statement of the claim showing that he is entitled to relief against Mr. Mirel. Although Mr. Mirel's name appears in the caption of the complaint, the complaint contains no allegations against him.

A memorandum of points and authorities is attached.

Wherefore, based upon the foregoing and the memorandum of points and authorities annexed hereto, Lawrence H. Mirel formerly Commissioner, Department of

---

[1] Effective October 1, 2005, Mr. Mirel terminated his employment with the Department of Insurance and Securities, Government of the District of Columbia.

Insurance and Securities, Government of the District of Columbia respectfully requests that the complaint be dismissed against him with prejudice.

        Respectfully submitted,

        ROBERT SPAGNOLETTI
        Attorney General for the
        District of Columbia, D.C.

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        KIMBERLY M. JOHNSON (# 435163)
        Chief, General Litigation Section 1

        Melvin W. Bolden, Jr.
        _____
        MELVIN W. BOLDEN, JR. (# 192179)
        Assistant Attorney General
        441 Fourth St., N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-5695
        (202) 727-3625/0431 (FAX)
        Attorneys for defendants

## CERTIFICATE OF SERVICE

I certify that on the 17th day of November, 2005 a copy of the foregoing motion, with memorandum and proposed order was served by U.S. Mail Postage Prepaid on Orlando Christopher Anderson, Authorized Representative, 103 G Street, South West, B-410, Washington, D.C. 20024.

        Melvin W. Bolden, Jr.
        _____
        Melvin W. Bolden, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ORLANDO-CHRISTOPHER ANDERSON,      )

    Plaintiff,      )

       vi.      )Case Number 05cv01852( RJL)

WALTER WIGGINS, et al,      )

    Defendants.      )
_____

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE MOTION TO DISMISS THE COMPLAINT AGAINST
LAWRENCE H. MIREL

Background

Lawrence H. Mirel, formerly Commissioner, Department of Insurance and Securities Regulation, Government of the District of Columbia, by and through counsel, respectfully moves the Court to dismiss the complaint against him due to ineffective service of process. Service of process was effectuated by certified mail. The letter was signed for by a clerical worker in the Department of Insurance and Securities and Banking who was not authorized by appointment or law to receive service on behalf of Mr. Mirel.

On September 19, 2005, Plaintiff filed a complaint naming Lawrence H. Mirel

and five other defendants. This action appears to arise from the repossession of plaintiff's 2003 Toyota Corolla automobile by defendants other than Mr. Mirel. Accompanying the complaint are papers that purport to be a Writ of Replevin. Although Mr. Mirel's name appears in the caption of the complaint, the complaint papers make no allegations against him. However, on page 22, of the complaint styled remedies, plaintiff seeks an order requiring Mr. Mirel to locate the " Replevin Bond" and all Bonds written for sale of the 2003 Toyota Corolla.

On September 21, 2005, a certified letter containing a copy of the summons and Complaint was delivered to the Department of Insurance and Securities at 810 First Street, NE. The letter was addressed to Mr. Mirel and S. Jenkins, a clerical worker at the Department of Insurance, Securities and Banking signed for the certified letter.

## ARGUMENT

### a. The Complaint Must Be Dismissed Against Mr. Mirel Because Service of the Summons And Complaint Was Ineffective As To Him

Valid service of process is a prerequisite to a District Court's assertion of personal jurisdiction over a defendant. See, Omni Capitol International v. Rudolf Wolff & Company, Ltd. 484 U.S. 97,103, 108 S. Ct. 404 (1987). Thus, a party must have been effectively served with process.

Pursuant to Rule 4 (e) of the Federal Rules of Civil Procedure, service can be effected on an individual either by "delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or in accordance with the law of the state where the district court is located. Plaintiff does not assert that he has served Mr. Miral personally nor has he caused to

leave a copy of the complaint at his home. Rather, on September 21, 2005, a certified letter containing a copy of the summons and complaint was delivered to Mr. Miral's office at the Department of Insurance, Securities and banking at 810 First Street, NE ., Washington, D.C.

Thus, to evaluate whether service was sufficient, reference must be made to the law of the District of Columbia. Rule 4 (e) (1) of the Superior Court Civil Rules allows for service of process by means of registered or certified mail as provided by SCR, Rule 4 (c) (3). That Rule requires that if the return receipt is signed by a person other than one named on the summons, the signer must meet "the appropriate qualifications" i.e., delivery to "an agent authorized by appointment or by law to receive service of process", SCR Rule 4 (e) (2). Thus, these requirements mandate that the person accepting service as an agent be "authorized by appointment or by law to receive service".

Plaintiff filed an Affidavit of Service with the court along with a copy of a return receipt from the United States Postal Service. See, Attachment A, Affidavit of Service. The signature on the receipt for Mr. Mirel was not his; but that of S. Jenkins. Next to Ms. Jenkins signature, there is a box for the "agent" that was not checked by her. Ms. Jenkins's signature however does not satisfy the requirements of SCR, Rule 4 (e) (2) because Ms. Jenkins was not authorized by Mr. Mirel to accept service of process on his behalf. See Attachment B, Affidavit of Sandra Jenkins. Not only was Ms. Jenkins not authorized to receive copies of the complaint and summons on behalf of Mr. Mirel, she is not authorized to accept service of process on behalf of the District of Columbia or the Department of Insurance, Securities and Banking. See, Attachment B, Affidavit of Sandra Jenkins at paragraph 6. It appears, therefore that service of the complaint herein has been not

effectuated on Mr. Mirel in accordance with District of Columbia law. Thus, this court lacks personal jurisdiction as to him.

### b. The Complaint Must Be Dismissed As to Mr. Mirel Because Plaintiff Fails to Plead Facts Sufficient To Identify A Claim Against Him

Pursuant to Federal Rules of Civil Procedure, Rule 8 (a) (2) a complaint must clearly comply with the requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief'". A complaint that violates Rule 8 (a) (2) demonstrating that plaintiff has no claim may be dismissed . See, King v. Chicago School Reform Bd. Of Trustees  197 F3rd. 853 ( 7th Cir. 1999); Lepelletier v. FDIC, 164 F2d. 37 (CA. DC 20001).

Plaintiff's complaint contains absolutely no substantive allegations regarding Mr. Mirel. Mr. Mirel's name appears in the caption of the complaint and at page 22 of the Complaint styled Request for Remedy and Relief Required By Law. The remedy plaintiff seeks is that Mr. Mirel locate a "Replevin Bond and all Bonds underwritten for said goods." Such a remedy is incomprehensible. Given plaintiff's failure to make a "short and plain statement" showing entitlement to the relief requested, plaintiff's complaint must be dismissed against Mr. Mirel.

Wherefore, based upon the foregoing Lawrence H. Mirel, formerly Commissioner, Department of Insurance, Securities and Banking, respectfully requests the Court to dismiss the complaint against him due to ineffective service of process and because the complaint violates Rule 8 (a) (2).

Respectfully submitted,

ROBERT SPAGNOLETTI
Attorney General for the
District of Columbia, D.C.

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

---

KIMBERLY M. JOHNSON (# 435163)
Chief, General Litigation Section 1

Melvin W. Bolden, Jr.

---

MELVIN W. BOLDEN, JR. (# 192179)
Assistant Attorney General
441 Fourth St., N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-5695
(202) 727-3625/0431 (FAX)
Attorneys for defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORLANDO-CHRISTOPHER ANDERSON, )

    Plaintiff, )

      vii. )Case Number 05cv01852( RJL)

WALTER WIGGINS, et al, )

    Defendants. )

## ORDER

Upon consideration of the Motion to Dismiss the Complaint Against Lawrence Mirel, the opposition thereto and the record herein, it is, by the court this _____ day of November, 2005,

ORDERED: That the aforementioned motion is GRANTED; and it is

FURTHER ORDERED: That the complaint against Lawrence H. Mirel is hereby DISMISSED.

                                                        RICHARD J. LEON
                                       United States District Court Judge