UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

:Orlando-Christopher: Anderson©,      )
                                      )
    Plaintiff,                        )    Case No.: 1:05CV1852- RJL
                                      )
v.                                    )
                                      )
WALTER C. WIGGGINS, et al.            )
                                      )
    DEFENDANTS.                       )
_____)

## JOINT MEET AND CONFER STATEMENT PURSUANT TO LOCAL RULE 16.3

Pursuant to the Court's Order dated September 27, 2005, Federal Rule of Civil Procedure 26(f), and Local Civil Rule 16.3,: Orlando-Christopher: Anderson©, Plaintiff, and counsel for Walter C. Wiggins, Jennifer Moore and District Employees Federal Credit Union (the "Credit Union Defendants") conferred on November 11, 2005 and discussed the matters required under LCvR 16.3(c) and make the following representations to the Court:

1. **Whether the Case is Likely to be Disposed of by Dispositive Motion.**

    The Plaintiff believes Dispositive Motion already filed by the Defendants will not dispose of case and it is unclear whether others will be included in this suit. The Credit Union Defendants filed a Motion to Dismiss and Memorandum in Support of its Motion to Dismiss on October 11, 2005 and is awaiting a ruling.

2. **Date by Which Additional Parties to be Joined or the Pleadings Amended.**

    Plaintiff does not anticipate others will be added to suit. The Credit Union Defendants shall join additional parties and/or amend the pleadings on or before January 10, 2006.

1

3. **Whether Case Should be Assigned to a Magistrate Judge for All Purposes Including Trial.** Plaintiff would not agree to assigning case to a Magistrate Judge. Defendants suggests not at this time.

4. **Whether There is a Realistic Possibility of Settling this Case.**
Plaintiff not sure whether case could be settled; requested Defendant's attorney make a written offer, which he would consider.

5. **Whether the Case Would Benefit from ADR Procedures.**
Plaintiff and the Credit Union Defendants believe that the Case would not benefit from ADR.

6. **Whether This Case can be Resolved by Summary Judgment or Motion to Dismiss; the Dates for Filing, etc.**
The Plaintiff does not believe that this case will be resolved by Dispositive Motion. The Credit Union Defendants believe that this case may be resolved by Dispositive Motion and filed a Motion to Dismiss and Memorandum in Support of its Motion to Dismiss on October 11, 2005. The Credit Union Defendants are awaiting a hearing date.

7. **Whether the Parties Should Stipulate to Dispense with the Initial Disclosures Required by Fed. R. Civ. P. 26(a) (1).**
Plaintiff does not stipulate to dispense with the initial disclosures required pursuant to Rule 26(a) (1). The Credit Union Defendants believe the initial disclosures are unnecessary.

8. **The Anticipated Extent of Discovery**
The extent of discovery is unknown at this time.

9. **Class Actions.**

The case at bar is not a class action suit.

10. **Whether the Trial and/or Discovery Should be Bifurcated or Managed in Phases.**

The Plaintiff is unsure at this time if the trial should be bifurcated or managed in phases. The Credit Union Defendants believe that bifurcation or phase management is unnecessary.

11. **The Date for the Pretrial Conference**

Plaintiff and the Credit Union Defendants agree that the final pretrial should be held on April 5, 2006.

12. **Whether the Court Should Set a Firm Trial Date.**

Plaintiff requests that a firm trial date be set at the pretrial conference. Defendants request that a firm trial date be set at the scheduling conference.

13. **Statement of the Facts**

Plaintiff submitted a two page explanation of the facts and Credit Union Defendants have submitted a one page explanation of the facts and statutory basis for any defenses, attached hereto.

Seen and Agreed to:

_____
Orlando-Christopher: Anderson©
103 G Street, South West #B-410
Washington, DC 20024
Phone:    202-863-2120
Plaintiff

_____
Amy S. Owen (Bar #411601)
Cochran and Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Phone:    703-847-4480

Counsel for District Government
Employees Federal Credit Union, Walter
C. Wiggins and Jennifer Moore

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

: Orlando-Christopher: Anderson©,  )
Plaintiff,                         )
                                   )
V.                                 )   CIVIL CASE NO. 05cv1852 (RJL)
                                   )
WALTER C. WIGGINS, et al.          )
DEFENDANTS                         )

**PLAINTIFFS'
STATEMENT OF FACTS**

On July 18th, A.D. 2005, SECURITY RECOVERY, INC. at the direction of WALTER C. WIGGINS, JENNIFER MOORE, and DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION illegally took possession of said Goods and Chattels with out a Court Order which the Plaintiff has perfected Security Interest; **Black Sand Pearl 2003 Toyota Corolla-S 4-door sedan VIN 1NXBR32E83Z078026** from private property. After attempting to locate the whereabouts of said Goods and Chattels, upon investigation the Plaintiff was told by JENNIFER MOORE that the Goods and Chattels were stored in SECURITY RECOVERY, INC. BALTIMORE, MARYLAND without a Court Order. This Complaint in Replevin brought to the Court by the Plaintiff against the Defendants' pursuant to DC CODE DIVISION II TITLE 16 CHAPTER 37 § 16-3703 and USC 18 for wrongfully taking and detaining Plaintiffs' Goods and Chattels illegally through criminal elements and Fraud, which the Plaintiff has perfected security interest in said goods and chattels, Black Sand Pearl 2003 Toyota Corolla-S 4-door sedan VIN 1NXBR32E83Z078026. The Plaintiff, Orlando-Christopher: Anderson©, does in fact have standing to bring this Action as Creditor of

1

said Goods and Chattels wrongfully taken and detained. The Federal Claim exists from the Fraud perpetrated by the Defendants' through SECURITY RECOVERY, INC., WALTER C. WIGGINS and JENNIFER MOORE. Several of the Plaintiffs' Constitutional Rights were violated; Denied right of Due Process of Law; Fraud-Permitting shown from demonstrated acts of Fraud and actively participated in a scheming conspiracy of untruths and misrepresentations to deceive those who entrusted themselves in dealing in good faith, while specifically acting in deliberate bad faith when such Fraud was shown, *District of Columbia Code DIVISION IV Tiltle 22 Chapter 32 Subchapter III § 22-3221; 18 USC 1001. Plaintiff Rescind the Pledge on the Note that the CREDIT UNION DEFENDANTS entered as Exhibit B filed under Security Agreement. DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION failed to Short in their Call Report as a Loan to :Orlando-Christopher: Anderson© under **\* Rule 424 of the Securities and Exchange Act** for failure to fully Disclose all of the Terms and Obligations of the Note. The CREDIT UNION DEFENDANTS' actions of wrongfully taking the Plaintiffs' Property and Racketeering is established in fact, by the CREDIT UNION DEFENDANTS' through SECURITY RECOVERY, INC. by wrongfully taken possession of Plaintiffs' said Goods and Chattels without the Plaintiffs' consent, and by receiving Automatic Payroll Deductions before July 18, 2005 from the Plaintiff after committing GRAND THEFT, after July 18, 2005, the Plaintiff stopped Automatic Payroll Deductions after discovery of the Racketeering.

## WALTER C. WIGGINS, JENNIFER MOORE, AND DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, STATEMENT OF FACTS

This action stems from the Defendant District Government Employees Federal Credit Union's (the "Credit Union") repossession of plaintiff's 2003 Toyota Corolla. On or about August 21, 2002, Plaintiff financed the purchase of an automobile through the Credit Union, borrowing $15,480.00 at 6.25% interest. Also on or about August 21, 2002 the plaintiff signed an Agreement to Provide Property Insurance, dated August 21, 2002. The Credit Union subsequently requested automobile insurance verification from the plaintiff. Plaintiff never provided proof of insurance. As such, the Credit Union, in order to protect its security, obtained insurance on the vehicle and the cost was added to the balance of the plaintiff's outstanding automobile loan. When plaintiff would not increase his bi-weekly payments to reflect the increased payments, he defaulted on his loan. The Credit Union gave notice of the default and repossessed the vehicle.

The Credit Union properly repossessed the vehicle. The individual defendants are not proper parties to this lawsuit as they were not properly served. Finally, Plaintiff has failed to state a federal cause of action to support the jurisdiction of this court.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

:Orlando-Christopher: Anderson©,   )
                                   )
       Plaintiff,                  )   Case No.: 1:05CV1852 - RJL
                                   )
v.                                 )
                                   )
Walter C. Wiggins, et al.          )
                                   )
       Defendants.                 )
_____)

### SCHEDULING ORDER

Pursuant to the Court's Order dated September 27, 2005, Federal Rule of Civil Procedure 26(f), and Local Rule 16.3, Plaintiff and counsel for Walter C. Wiggins, Jennifer Moore, and District Employees Federal Credit Union (the "Credit Union Defendants") agree upon the following proposed schedule for the completion of discovery and pretrial proceedings:

1. Plaintiff and Credit Union Defendants shall amend the pleadings on or before January 10, 2005; Credit Union Defendants shall add additional parties on or before January 10, 2005; Plaintiff does not anticipate others will be added to suit;

2. Plaintiff shall serve his expert disclosures and reports upon the Defendants on or before January 30, 2006;

3. The Credit Union Defendants shall serve their expert disclosures and reports upon Plaintiff on or before March 1, 2006;

4. Plaintiff shall serve his rebuttal expert disclosures and report upon Defendants on or before March 16, 2006;

1

5. All discovery shall be completed on or before March 31, 2006;

6. The Final Pretrial Conference shall be held on April 5, 2006;


Seen and Agreed to:

_____
Orlando-Christopher: Anderson©
103 G Street, South West #B-410
Washington, DC 20024
Phone:        202-863-2120

Plaintiff

_____
Amy S. Owen (Bar #411601)
Cochran and Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Phone:        703-847-4480
Fax:          703-847-4499

Counsel for District Government
Employees Federal Credit Union, Walter
C. Wiggins, and Jennifer Moore


Date:_____

_____
U.S. District Court Judge

2