UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Orlando-Christopher Anderson | * | |
| | * | |
| Plaintiff | * | |
| | * | Civil Action No. 05c1852(RJL) |
| vs. | * | |
| | * | |
| Walter C. Wiggins et al. | * | |
| | * | |
| Defendants | * | |

## MOTION OF DEFENDANTS SECURITY RECOVERY, INC AND LINDA RAINES TO DISMISS

COME NOW Defendants Security Recovery, Inc. and Linda Raines, by and through counsel, Thomas G. Hagerty and Semmes, Bowen & Semmes, and move this Honorable Court to dismiss the complaint against them for lack of jurisdiction over the subject matter, and as grounds therefor refer to the Memorandum of Points and Authorities which is attached hereto and incorporated herein by reference.

_____
Thomas G. Hagerty
Semmes, Bowen & Semmes
1001 Connecticut Ave., N.W.
Suite 1100
Washington, DC 20036
202-822-8250
DC Bar Number 251975
Attorneys for Linda G. Raines and
Security Recovery, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Orlando-Christopher Anderson | * | |
| | * | |
| Plaintiff | * | |
| | * | Civil Action No. 05c1852(RJL) |
| vs. | * | |
| | * | |
| Walter C. Wiggins et al. | * | |
| | * | |
| Defendants | * | |

MEMORANDUM OF POINTS AND AUTHORITIES

BACKGROUND OF CASE

On September 19, 2005, Plaintiff filed a 25 page pro se civil action entitled "Affidavit of Information in Support of Complaint in Replevin." As best as can be determined from review of Plaintiff's filing, he alleges on page 2 that these Defendants, inter alia, wrongly took and detained his 2003 Toyota Corolla automobile, and requests that it be returned to him or if the vehicle has been eloigned, that he be given judgment of $46,665.48 besides cost, an amount three times the alleged value of said vehicle, citing District of Columbia Code Title 16, Chapter 37. Thereafter, Plaintiff appears to allege that these Defendants have committed various criminal actions consisting of "Felony High Crimes and Misdemeanors." He states in his Complaint that he is seeking " ....a redress of grievances (fraud, extortion, theft, plus other noted wrongs) by this verified Complaint in Replevin..." (Page 5). The criminal actions committed or supported by these Defendants include denial of the right to due process of law, acting in a criminal conspiracy to defraud Plaintiff of his property by giving it to other co-defendants (page 6), "DOMESTIC MIXED WAR," "MALFEASANCE OF OFFICE" (page 7), "SLAVERY," "TREASON," (page

8), "FRAUD", "EXTORTION" (page 9), 'GRAND THEFT", "ROBBERY", "FALSE DOCUMENTS", "CONSPIRACY" (Page 10) and "RACKETEERING" (page 11), referencing numerous criminal provisions of the United States Code and the District of Columbia Code. Plaintiff concludes his verified Complaint in Replevin by setting forth in 3 separate counts numerous criminal violations allegedly committed by these Defendants for which he claims entitlement to civil fines associated with said violations totaling $10,377,000.00, in addition to requesting the return of his vehicle, locating the replevin bond and all other bonds for the vehicle, correction of his account by issuance of subpoenas by the Court to defendants ordering the production of various business records and the filing of a "Notice of Lis Pendens for Public Records" of his vehicle.

## ARGUMENT

### THIS COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE COMPLAINT

Rule 12(b) of the Federal Rules of Civil Procedure requires that certain defenses be made by motion before pleading if a further pleading is permitted. These defendants have not yet filed their answer to the complaint; therefore, any of the 6 defenses enumerated in Rule 12(b) which they wish to raise must be raised preliminarily by motion. Rule 12(b) states in pertinent part as follows:

> **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process,

> (6) failure to state a claim upon which relief can be granted,
> (7) failure to join a party under Rule 19. A motion making any
> of these defenses shall be made before pleading if a further pleading
> is permitted.

The plaintiff has failed to state in his Complaint the basis for this Court's subject matter jurisdiction. In fact, this Court lacks jurisdiction over the subject matter of the Complaint, which the Plaintiff has described alternatively as being either an "ACTION OF REPLEVIN" or 'COMPLAINT IN REPLEVIN", citing District of Columbia Code Title 16, Chapter 37 - Replevin.

D.C. Code § 11-921 sets forth the subject matter jurisdiction of the Superior Court of the District of Columbia for any civil action or other matter (at law or in equity) brought in the District of Columbia as follows:

> (a) Except as provided in subsection (b), the Superior Court has jurisdiction of any civil action or other matter (at law or in equity) brought in the District of Columbia. Such jurisdiction shall vest in the court as follows:
>
> (1) Beginning on the effective date of the District of Columbia Court Reorganization Act of 1970, the court has jurisdiction of any civil action or other matter begun before such effective date in the District of Columbia Court of General Sessions, the Juvenile Court of the District of Columbia, or the District of Columbia Tax Court.
>
> (2) Beginning on such effective date, the court has jurisdiction of any civil action or other matter, at law or in equity, which is begun in the Superior Court on or after such effective date and in which the amount in controversy does not exceed $50,000.

>  (3) Beginning on such effective date, the court has jurisdiction (regardless of the amount in controversy) of any civil action or other matter, at law or in equity, which –
>
>  (A) is brought under –
>
>  (i) Chapter 37 of Title 16 (relating to replevin of personal property);
>
>  (b) The Superior Court does not have jurisdiction over any civil action or other matter (1) over which exclusive jurisdiction is vested in a Federal Court in the District of Columbia, or (2) over which jurisdiction is vested in the United States District Court for the District of Columbia under section 11-501 (relating to civil actions or other matters begun in such court before the expiration of the thirty-month period beginning on the effective date of the District of Columbia Court Reorganization Act of 1970). (July 29, 1970, 84 Stat. 484, Publ.L. 91-358, title I § 111; Dec. 7, 1970, 84 Stat. 1390, Publ.L. 91-530, § 2(a)(1); 1973 Ed., § 11-921; 1981 Ed., § 11-921.)

These defendants submit that this Court lacks jurisdiction over the subject matter of Plaintiff's "COMPLAINT IN REPLEVIN" based on the precise and clear mandate of D.C. Code § 11-921(a)(3)(A)(viii) which confers original subject matter jurisdiction on the Superior Court of the District of Columbia. Furthermore, they assert that no exceptions defined by D.C. § 11-921(b) exist so as to divest the jurisdiction of the Superior Court of the District of Columbia over the subject matter of Plaintiff's Complaint - a replevin action. Exclusive jurisdiction for the subject matter of the Complaint is not vested in a Federal Court in the District of Columbia. Moreover, jurisdiction is not vested in the United States District Court for the District of Columbia under Section 11-501 because it was not begun in the court before the expiration of the thirty-month period beginning on the effective date of District of Columbia Court Reorganization Action of 1970.

Review of the federal statutes which might arguably confer on this Court jurisdiction over the subject matter of the Complaint reveals that neither one is appropriate for this case. Although Chapter 85 of Title 28 of the United States Code sets forth numerous grounds for subject matter jurisdiction of federal district courts, at first glance only two of them seem to apply to this case. However, after careful scrutiny of each demonstrates their inapplicability. The jurisdiction statute for federal questions states as follows in 28 U.S.C. S1331:

> The district courts shall have original jurisdiction of all civil actions arising under the constitution laws, or treaties of the United States

In this case, no cognizable federal question has been raised, and no cognizable federal claim exists. As correctly stated by Co-defendants District Government Employees Federal Credit Union, Walter C. Wiggins and Jennifer Moore in their Motion to Dismiss, the arguments and rationale of which are hereby adopted and incorporated here by reference, Plaintiff's Complaint contains three counts. None of the three counts of Plaintiff's Complaint properly raise a federal question permitting jurisdiction in this Court.

In Count I, Plaintiff seeks relief under S 1001, S 241, S 1961, and S 1962 of Title 18 of the United States Code. 18 U.S.C. S 1001 applies to matters falling under the three branches of the United States Government: "(a) Except as otherwise provided in this section, <u>whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States</u>..." 18 U.S.C. S 1001 (emphasis supplied). Credit union matters concerning the repossession of an automobile do not fall within the ambit of authority of this code section. Additionally, Plaintiff's reliance upon 18 U.S.C. S 241 is misplaced. Section 241 is a criminal statute which does not give rise to a civil action for damages. <u>Lewis v. Green</u>, 629 F. Supp.

546, 55 (D.D.C. 1986) Also, Plaintiff's claims of racketeering activities by these Defendants fail, as he has not established the requisite pattern of racketeering activity described in 18 U.S.C. S 1961.  Plaintiff has failed to, and indeed cannot, establish any continued or multiple acts of racketeering by these Defendants as required by 18 U.S.C. S 1961 (5), which states that a "pattern of racketeering activity requires as least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity" 18 U.S.C. S 1961.  The allegations of racketeering in Plaintiff's compliant are wholly unsupported by any specific facts.

Plaintiff's extensive list of alleged constitutional violations in Count II are without merit and any factual basis.  Plaintiff lists thirty-seven violations of his constitutional rights which are alleged to have occurred by and as a result of the repossession of the vehicle in question, none of which can even remotely apply to the claimed damages in his Complaint.  "In this Circuit, a complaint should be dismissed if plaintiff can prove no set of facts in support of his claim that would entitle him to relief, and the Court does not have to accept plaintiff's inferences if they are unsupported by or do not logically flow from the facts set out in the complaint."  Adams v. Richardson, 871 F.Supp. 43, 46 (D.D.C. 1994).  Therefore, there is no federal question presented in Count II.

Count II is a reiteration of the Count 1 claim.  For the reasons described above, there is also no federal question presented in Count III.

The only other statute which might confer subject matter jurisdiction on this Court is 28 U.S.C. § 1332(a), which states:

>
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1)  citizens of different States;
> (2)  citizens of a State and citizens or subjects of a foreign state;
> (3)  citizens of different States and in which citizens or subjects or a foreign state are additional parties; and
> (4)  a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different states.
>
> For the purpose of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

Review of the complaint reveals that the matter in controversy, a vehicle which has been made the basis of Plaintiff's replevin action, cannot reasonably be said to exceed the sum or value of $75,000.00.  Plaintiff sets the value of his automobile at $15,555.16 on page 2 of his Complaint.  Even if it is assumed <u>arguendo</u> that Plaintiff would ultimately be entitled to triple damages of $46,665.48, this amount would not exceed the sum or value of $75,000, thus depriving this court of subject matter jurisdiction.  Clearly none of the exorbitant monetary damages claimed in Counts 1-3 relate to the facts alleged in Plaintiff's replevin complaint or are recoverable in such an action.  Title 18 of the United States Code does not create a civil cause of action, nor do any of its provisions cited by Plaintiff provide for civil penalties.  Moreover, Plaintiff's reliance upon constitutional violations giving rise to monetary damages is also misguided and without merit, and unrelated to the facts of the Complaint in replevin since none of the other $10,377,000.00 in monetary damages prayed by Plaintiff are in any way related to, legally cognizable, or recoverable in, this replevin action (which is by definition essentially a possessory action and not a claim for damages) they can not be included in the calculation of the

amount in controversy for the purpose of this Court's determination of jurisdictional amount. It follows that because that amount is, arguendo, limited to $46,665.48, this Court does not have original jurisdiction of this claim.

This Court also lacks jurisdiction because this action is not between citizens of different states. Of the six (6) defendants sued by the Plaintiff, a resident of the District of Columbia, four (4) are stated to have residence addresses in the District of Columbia. It is well-settled that the statutory formulation "between .... citizens of different states" requires complete diversity between all plaintiffs and all defendants. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Because there is obviously not complete diversity between the Plaintiff and all of the Defendants herein, there exists yet another reason for this Court to conclude that it lacks subject matter jurisdiction.

Finally, F.R.C.P. 8(a)(2) establishes the general rules for pleading claims for relief as follows:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

As stated supra, the original claim does not contain a short and plain statement of the grounds upon which the Court's jurisdiction depends (indeed, Plaintiff renounces this Court's jurisdiction on page 2 of "Plaintiff's Affidavit in the Truth" wherein he states "I hereby and herein claim my right to common law jurisdiction and refuse statutory jurisdiction ...").

Additionally, Plaintiff has filed the antithesis of a short and plain statement of claim showing that he is entitled to relief.  The Complaint is unnecessarily prolix, does not provide fair notice to these Defendants of claims being made against them and is for the most part incomprehensible and appears frivolous on its face.  Certainly it is a complaint which violates Rule 8(a)(2) and demonstrates that Plaintiff has no claim.  Therefore, it must be dismissed.  <u>King v. Chicago School Reform Bd. Of Trustees</u>, 197 F.3d 853 (7th Cir. 1999); <u>Lepelletier v. F.D.I.C</u>, 164 F.2d 37 (C.A.D.C. 2001).

  WHEREFORE, for the reasons stated above, it is respectfully requested that this Court dismiss with prejudice the complaint against Defendants Security Recovery, Inc. and Linda Raines for lack of jurisdiction over the subject matter.

        By: _____
           Thomas G. Hagerty
           Semmes, Bowen & Semmes
           1001 Connecticut Ave., N.W.
           Suite 1100
           Washington, DC 20036
           202-822-8250
           DC Bar Number 251975
           Attorneys for Linda G. Raines and
           Security Recovery, Inc.

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Motion of Defendants Security Recovery, Inc. and Linda Raines to Dismiss has been sent via regular mail on this the 13th day of February, 2006 to the following individuals:

Orlando-Christopher Anderson
103 G Street, S.W.
#B-410
Washington, DC 20024

Amy Sanborn Owen
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182

Melvin W. Bolden, Jr.
Assis11tant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001