UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| :Orlando -Christopher: Anderson©,<br>Plaintiff, | )<br>)<br>) |
| V. | ) CIVIL CASE NO. 05cv1852 (RJL)<br>) |
| WALTER C. WIGGINS, et al.<br>DEFENDANTS | )<br>)<br>) |

**PLAINTIFF'S OPPOSITON TO MOTION OF SECURITY RECOVERY, INC.
AND LINDA G. RAINES TO DISMISS**

The Court should not dismiss this Complaint in Replevin against SECURITY RECOVERY, INC. AND LINDA G. RAINES because This Court does have Jurisdiction over the Subject Matter in this Complaint in Replevin. In addition, this Complaint against SECURITY RECOVERY, INC. and LINDA G. RAINES should not be dismissed under *DC CODE DIVISION II TITLE 16 CHAPTER 37 and *18 USC § 1001, § 241, § 1961, and § 1962 as the Plaintiff has stated a Federal Claim upon which relief may be granted. The reasons for Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion of SECURITY RECOVERY, INC., and LINDA G. RAINES to Dismiss are greater particularly in the accompanying Plaintiffs' Opposition to Motion of SECURITY RECOVERY, INC. and LINDA G. RAINES to Dismiss.

DATED: February 17, 2006

Respectfully submitted,
:Orlando -Christopher :Anderson©

By: _____ ©
: Orlando-Christopher: Anderson©
103 G Street, South West, # B-410
Washington, District of Columbia [20024]
Phone: 202-863-2120
Attorney in Fact

1

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of February 2006, copies of the foregoing PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITON TO MOTION OF SECURITY RECOVERY, INC. AND LINDA G. RAINES TO DISMISS, was mailed to first class, postage prepaid to:

Thomas G. Hagerty (D. C. Bar # 251975)
Semmes, Bowen and Semmes
1001 Connecticut Avenue, North /West Suite 1100
Washington, DC 20036
202-822-8250
Counsel for LINDA G. RAINES and
SECURITY RECOVERY, INC.

Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA. 22182
Counsel for DISTRICT GOVERNMENT EMPLOYEES
FEDERAL CREDIT UNION, WALTER C. WIGGINS,
AND JENNIFER MOORE

MELVIN W. BOLDEN, JR. (#192179)
ATTORNEY GENERAL for
the DISTRICT of COLUMBIA
441 Fourth Street, Sixth Floor
Washington, DC 20001
202-724-5695
Counsel for LAWRENCE H. MIREL

:Orlando -Christopher: Anderson©
Secured Party/Creditor

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

:Orlando -Christopher: Anderson©,  )
Plaintiff,                         )
                                   )
V.                                 )   CIVIL CASE NO. 05cv1852 (RJL)
                                   )
WALTER C. WIGGINS, et al.          )
DEFENDANTS                         )

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITON TO MOTION OF SECURITY RECOVERY, INC.
AND LINDA G. RAINES TO DISMISS**

This Complaint in Replevin brought to this Court by the Plaintiff against the

Defendants' pursuant to DC CODE DIVISION II TITLE 16 CHAPTER 37 § 16-3703

REPLEVIN and USC 18 for wrongfully taking and detaining Plaintiffs' Goods and

Chattels illegally through Criminal Elements and Fraud, which the Plaintiff has Perfected

Security Interest in said Goods and Chattels, Black Sand Pearl 2003 Toyota Corolla-S 4-

door sedan VIN 1NXBR32E83Z078026.

The Plaintiff, Orlando-Christopher: Anderson©, does in fact have standing to bring this

Action as Creditor of said Goods and Chattels wrongfully taken and detained.

The Federal Claim exists from the Fraud perpetrated by the Defendants' through

SECURITY RECOVERY, INC., WALTER C. WIGGINS and JENNIFER MOORE.

Several of the Plaintiffs' Constitutional Rights were violated; denied Right of Due

Process of Law; Fraud- Permitting shown from demonstrated acts of Fraud and actively

participated in a Scheming Conspiracy of Untruths and Misrepresentations to deceive

those who entrusted themselves in dealing in Good Faith, while specifically acting in

deliberate Bad Faith when such Fraud was shown, *District of Columbia Code

DIVISION IV Title 22 Chapter 32 Subchapter III § 22-3221; *18 USC 1001.

SECURITY RECOVERY, INC. and LINDA G. RAINES contends in their MOTION TO DISMISS that This Court lacks Jurisdiction over the Subject Matter of the Complaint in Replevin.

## FACTS

On July 18th, A.D. 2005, SECURITY RECOVERY, INC. at the direction of WALTER C. WIGGINS, JENNIFER MOORE, and DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION illegally took possession of said Goods and Chattels with out a Court-Order which the Plaintiff has perfected Security Interest; **Black Sand Pearl 2003 Toyota Corolla-S 4-door sedan** VIN **1NXBR32E83Z078026** from private property, *Verified Affidavit in the Truth ¶ 1, 2, 3, 8. After attempting to locate the whereabouts of said Goods and Chattels, upon investigation, I, Orlando -Christopher: Anderson©, the Plaintiff was told by JENNIFER MOORE that the Goods and Chattels were stored in SECURITY RECOVERY, INC. BALTIMORE, MARYLAND without a Court Order.

## ARGUMENT

### I. THIS COURT DOES HAVE JURISDICTION OVER THE SUBJECT MATTER OF THE COMPALINT IN REPLEVIN

The Court has established Subject Matter Jurisdiction under the Federal-Question Statute; Denied Right of Due Process of Law and has established Subject Matter Jurisdiction over the Complaint in Replevin when the amount in controversy exceeded $75,000.00; when, I, Orlando -Christopher: Anderson©, the Plaintiff the Plaintiff requested Relief in the amount of $10,000,000.00. The Plaintiff Claim arises under the Fifth Amendment's Due Process Clause of the Constitution.

— DENIED A RIGHT to Due Process of Law. Such denials include but are not limited to the right to work, the right to receive just reward of labors, denying access to the multiple Constitutional rights and specifically acting against the Complainant Affiant under a color of official right. It is a "taking action" denying the right to personal property violative of the provisions of the state Constitutional provisions and under the Fourth and Fifth Amendments to the Constitution for the United States.

The Right of Due Process of Law requires before any sort of judgment against an individual, that he has had opportunity to defend himself of any accusation or claim, that he has had an opportunity to state his case, he has had a proper and lawful judgment by a jury of his peers, or by a knowledgeable waiver of the right to answer. SECURITY RECOVERY, INC. and agents acted against that Due Process by acting in a Criminal Conspiracy to Defraud, Orlando -Christopher: Anderson©, the Complainant Affiant of my property, giving such property to WALTER C. WIGGINS, JENNIFER MOORE, DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, WITHOUT ANY KIND OF LAWFUL JUDGEMENT, COMMERCIAL PAPERWORK, CONTRACTS OR PROOF OF CLAIMS. WALTER C. WIGGINS, JENNIFER MOORE, DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION and SECURITY RECOVERY, INC. are therefore guilty of denying the COMPLAINANT AFFIANT ORLANDO C ANDERSON, every Constitutional protection afforded — an act of TREASON, an act of a MIXED DOMESTIC WAR.

Second, the plaintiff's allege subject-matter jurisdiction under the federal-question statute. (*citing 28 U.S.C. § 1331). *Section 1331 provides that "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

the United States." *28 U.S.C. § 1331. Here, the plaintiffs allege a civil cause of action that is based on an alleged violation of the Fourth Amendment. Because the claim "aris[es] under" the Constitution, this court has subject-matter jurisdiction under the federal question statute. *E.g.*, *Cook v. Babbitt*, 819 F. Supp. 1, 4 (D.D.C. 1993); (finding subject-matter jurisdiction for claim arising under the Fifth Amendment's Due Process Clause).

## A. Motion to Dismiss

When considering a motion to dismiss, "the court accepts as true the factual allegations of the complaint and draws from them all reasonable inferences favorable to the plaintiff;" *United Parcel Serv., Inc. v. International Bhd. Of Teamsters*, 859 F. Supp. 590, 593 (D.D.C. 1994).

The plaintiff's complaint must also be read liberally; *Dixon v. Ford*, 1997 Dist. Lexis 263, *7 (D.D.C.1997); and the Plaintiff "must be given every favorable inference that may be drawn from his allegations of fact;" *Washington Legal Found. v. Kessler*, 880 F. Supp. 26, 31 (D.D.C. 1995). Dismissal is not granted if the court finds that any of the facts in support of the plaintiff's claim would entitle the plaintiff to relief. Id.

## B. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Tremel v. Bierman & Geesing, L.L.C.*, 2003 WL 721911 at

*2 (D.D.C. 2003); *<u>Rasul v. Bush</u>, 215 F. Supp. 2d 55, 61 (D.D.C. 2002).

## C. Legal Standard for Diversity Jurisdiction

A federal district court has subject-matter jurisdiction over a suit when the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332(a); *<u>DeBerry v. First Gov't Mortgage & Investors Corp.</u>, 170 F.3d 1105, 1106 n.1 (D.C. Cir. 1999); *see also <u>Stevenson v. Severs</u>, 158 F.3d 1332, 1334 (D.C. Cir. 1998) (per curiam) (identifying the $75,000 amount-in-controversy requirement for federal diversity jurisdiction under 28 U.S.C. § 1332(a)). Additionally, to justify dismissal, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. *<u>Id</u>. at 288-89; <u>Hartigh v. Latin</u>, 485 F.2d 1068, 1071 (D.C. Cir. 1973); (citing <u>Gomez v. Wilson</u>, 477 F.2d 411 (D.C. Cir. 1973)).

## II.   Federal Claim and District of Columbia Claim Exists

**A.** Plaintiffs' Complaint in Replevin contains a Federal Claim and a District of Columbia Claim which Plaintiff seeks Relief not excluding *Title 18 of the United States Codes § 1001, § 241, § 1961, and § 1962 is warranted and properly raises a Federal Claim. *DISTRICT of COLUMBIA CODE DIVISION II TITLE 16 CHAPTER 37 § 16-3703 is warranted and properly raises a District of Columbia Claim permitting Jurisdiction in this Court. Accordingly, the Complaint should not be dismissed. "Whenever a state law claim is advanced in federal court, the state rule for commencement will apply"; *<u>**See Larson v. Mayo Medical Center, 218 F.3d 863, 867**</u>

**8th Cir. 2000**; "state commencement rules apply because they are part and parcel of the statute of limitations."; *__MW AG, Inc. v. New Hampshire Ins. Co., 107 F.3d 644, 646,__* **8th Cir. 1997** "Federal Courts follow state substantive law to determine when an action is commenced for statute of limitations purposes."; *__Anderson v. UNISYS Corp., 47 F.3d 302, 309 8th Cir. 1995__* "rationale of *Walker* applies to state claims even if pleaded with federal claims".

The CREDIT UNION DEFENDANTS' action of wrongfully taking my Property and Racketeering is established in fact, by the CREDIT UNION DEFENDANTS' through SECURITY RECOVERY, INC. by wrongfully taken possession of my Goods and Chattels without my consent, and by receiving Automatic Payroll Deductions (see * Exhibit 2A) before July 18, 2005 from me after committing GRAND THEFT (*see 18 USC § 1001, § 241, § 1961, and § 1962), after July 18, 2005, I, Orlando -Christopher: Anderson©, the Plaintiff stopped Automatic Payroll Deductions after discovery of the Racketeering (* see Exhibit 2B). I, Orlando -Christopher: Anderson©, the Plaintiff Rescind the Pledge on the Note that the CREDIT UNION DEFENDANTS has entered as Exhibit B filed under Security Agreement. DISTRICT GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION failed to Short in their Call Report as a Loan to me,Orlando-Christopher: Anderson© under * **Rule 424 of the Securities and Exchange Act** for failure to fully Disclose all of the Terms and Obligations of the Note.

### III.   :Orlando -Christopher: Anderson©, the Plaintiff has Standing to bring this Action

SECURITY RECOVERY, INC. and LINDA G. RAINES contends that this Action arises from the CREDIT UNIONS' repossession of my, Orlando Christopher Anderson's 2003 Toyota Corolla.

I, Orlando -Christopher: Anderson©, the Plaintiff brings this Action pursuant to *DISTRICT OF COLUMBIA OFFICIAL CODE DIVISION II TITLE 16 CHAPTER 37. This Complaint arises from the return of my Property; 2003 Toyota Corolla-S VIN 1NXBR32E83Z078026, wrongfully taken and detained without a Court-Order.

### IV.   Federal Claim Exists

I, Orlando -Christopher: Anderson's©, Complaint in Replevin contains three counts which, I, Orlando -Christopher: Anderson©, the Plaintiff seeks Relief. All counts are warranted and properly raise a Federal Question permitting Jurisdiction in this Court. Accordingly, the Complaint should not be dismissed.

### A.   Count I – Accepting and honoring a False Document by SECURITY RECOVERY, INC.

I, Orlando -Christopher: Anderson©, the Plaintiff Seek Relief under § 1001, § 241, § 1961, and § 1962 of Title 18 of the United States Code, all which in fact to be considered Fraud, and taking my property without Due Process of the Law.

The CREDIT UNION DEFENDANTS' action of wrongfully taking my Property and Racketeering is established in fact, by the CREDIT UNION DEFENDANTS' through SECURITY RECOVERY, INC. by wrongfully taken

possession of my Goods and Chattels without my Consent, and by receiving Automatic Payroll Deductions from me after committing GRAND THEFT, **see 18 USC § 1001, § 241, § 1961, and § 1962.**

### B. Count II – Constitutional Violations

I, Orlando –Christopher: Anderson's©, extensive list of alleged Constitutional Violations are with merit and SECURITY RECOVERY, INC., specifically and willingly conspired with CREDIT UNION DEFENDANTS' to steal my property (expansion but separate count of count 1) denying me, Orlando -Christopher: Anderson©, the Plaintiff the right of Due Process of Law for any action against me. The SECURITY RECOVERY, INC. and LINDA G. RAINES are trying to divert the Courts' focus of the Facts in this Complaint in Replevin by citing, "In this Circuit, a Complaint should be dismissed if the Plaintiff can prove no set of Facts in support of his Claim that would entitle him to relief, and the Court does not have to accept Plaintiffs' inferences if they are unsupported by or do not logically flow from the Facts set out in the Complaint." That cite has nothing to do with the Facts in this Complaint, the CREDIT UNION DEFENDANTS' through SECURITY RECOVERY, INC. and LINDA G. RAINES wrongfully toke and detained my said Goods and Chattels, without my Consent. The penalty is defined under *Title 18 USC Sections 3571 individually listed for subtotal tally as to the civil damages sustained by such criminal actions. RIGHTS OF THE SOVEREIGN DENIED OR VIOLATED ($100,000 each denied, violated or trespassed right listed as a misdemeanor, *18 USC 3571 defined as a felony is $250,000 for each trespass, denial or violation) secured, preserved and protected by the District of Columbia Constitution and parallel sections of the Constitution for the United States. As such, the Complaint in Replevin should not be dismissed.

## V. <u>Conclusion</u>

For the reasons stated above, I, Orlando -Christopher: Anderson©, the Plaintiff moves that the Court deny SECURITY RECOVERY, INC. and LINDA G. RAINES their Motion to Dismiss and grant Default Judgment in favor of the Plaintiff against all DEFENDANTS including CREDIT UNION DEFENDANTS.

DATED: February 17, 2006

Respectfully submitted,

:Orlando -Christopher: Anderson©

By: *[signature]* ©
:Orlando -Christopher: Anderson©
103 G Street, South West, # B-410
Washington, District of Columbia [20024]
Phone: 202-863-2120
Attorney in Fact



**I HEREBY CERTIFY** that on this 17th day of February 2006, copies of the foregoing PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITON TO MOTION OF SECURITY RECOVERY, INC. AND LINDA G. RAINES TO DISMISS, was mailed to first class, postage prepaid to:

Thomas G. Hagerty (D. C. Bar # 251975)
Semmes, Bowen and Semmes
1001 Connecticut Avenue, North /West Suite 1100
Washington, DC  20036
202-822-8250
Counsel for LINDA G. RAINES and
SECURITY RECOVERY, INC.

Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA. 22182
Counsel for DISTRICT GOVERNMENT EMPLOYEES
FEDERAL CREDIT UNION, WALTER C. WIGGINS,
AND JENNIFER MOORE

MELVIN W. BOLDEN, JR. (#192179)
ATTORNEY GENERAL for
the DISTRICT of COLUMBIA
441 Fourth Street, Sixth Floor
Washington, DC  20001
202-724-5695
Counsel for LAWRENCE H. MIREL

_____
:Orlando -Christopher: Anderson©
Secured Party/Creditor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| :Orlando -Christopher: Anderson©, Plaintiff, | ) ) ) |
| V. | ) CIVIL CASE NO. 05cv1852 (RJL) ) |
| WALTER C. WIGGINS, et al. DEFENDANTS | ) ) ) |

## ORDER

Upon consideration of the Plaintiffs' Opposition to Motion of SECURITY RECOVERY, INC. and LINDA G. RAINES to Dismiss, and the record hereto, it is hereby

**ORDERED** that SECURITY RECOVERY, INC. and LINDA G. RAINES their Motion to Dismiss is denied.

_____          _____
Date                                             Judge Richard J. Leon

Copies to:

Thomas G. Hagerty (D. C. Bar # 251975)
Semmes, Bowen and Semmes
1001 Connecticut Avenue, North /West Suite 1100
Washington, DC 20036
202-822-8250
Counsel for LINDA G. RAINES and
SECURITY RECOVERY, INC.

Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA. 22182
Counsel for DISTRICT GOVERNMENT EMPLOYEES
FEDERAL CREDIT UNION, WALTER C. WIGGINS,
AND JENNIFER MOORE

MELVIN W. BOLDEN, JR. (#192179)
ATTORNEY GENERAL for
the DISTRICT of COLUMBIA
441 Fourth Street, Sixth Floor
Washington, DC 20001
202-724-5695
Counsel for LAWRENCE H. MIREL